IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

TROY LEE PERKINS,

                        Plaintiff,

  v.                                                         OPINION and ORDER

STATE OF WISCONSIN,                              22-cv-747-jdp

                        Defendant.

---

      Plaintiff Troy Lee Perkins, appearing pro se, contends that his pending criminal charge of operating a vehicle while intoxicated is unconstitutional. The court has already granted Perkins to proceed without prepaying any portion of the filing fee for this case.

      The next step is for me to screen Perkins's complaint and dismiss any portion that is legally frivolous or malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. § 1915. In doing so, I must accept his allegations as true and construe the complaint generously, holding it to a less stringent standard than formal pleadings drafted by lawyers. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). I conclude that I must abstain from exercising jurisdiction over Perkins's claim under *Younger v. Harris*, 401 U.S. 37 (1971). I will stay the case and direct the clerk of court to close it. Perkins can move to reopen the case after his criminal charges are resolved.

      Perkins has been charged with operating a vehicle while intoxicated, fourth offense. *See* Chippewa County Case No. 2019CF720. He contends that the Wisconsin OWI statutes are unconstitutional because they criminalize the disease of alcoholism. But I cannot consider his claim because it is intertwined with his ongoing state-court criminal case. Absent

extraordinary circumstances not present here, federal courts must abstain from deciding a claim when doing so would interfere with a state's pending criminal prosecution. *Younger*, 401 U.S. at 43–44. Perkins's claim that the Wisconsin OWI statutes are unconstitutional would interfere with his pending criminal proceedings. So I must abstain from deciding these claims until those proceedings have ended.

I will stay this case and direct the clerk of court to close it. That means that Perkins may move to reopen this case after the conclusion of the state criminal proceedings, including all appeals and any relevant state collateral review proceedings. *See Simpson v. Rowan*, 73 F.3d 134, 139 (7th Cir. 1995). But if Perkins's criminal case results in a conviction, he may not be able to proceed with his claims in this case; I will have to dismiss this case if a judgment in his favor would imply the invalidity of a state conviction. *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994).

ORDER

IT IS ORDERED that the court will abstain from exercising jurisdiction, pursuant to *Younger v. Harris*, 401 U.S. 37 (1971), pending final resolution of plaintiff Troy Lee Perkins's state criminal proceedings. This case is STAYED. The clerk of court is directed to close the case.

Entered January 9, 2023.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge